UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEXTG NETWORKS OF NEW YORK, INC.,  :
                                                              :
                         Plaintiff,  :      03 Civ. 9672 (RMB)
                                                              :
   - against -  :      **ORDER**
                                                              :
CITY OF NEW YORK, CITY OF NEW YORK  :
DEPARTMENT OF INFORMATION  :
TECHNOLOGY AND TELECOMMUNICATIONS,  :
and GINO P. MENCHINI, in his official capacity,  :
                                                              :
                        Defendants.  :
------------------------------------------------------------------------x

**I.    Background**

      NextG Networks of New York, Inc. ("NextG") filed this action against the City of New York, the City of New York Department of Information Technology and Telecommunications ("DoITT"), and Gino P. Menchini, in his official capacity as Commissioner and Chief Information Officer of the DoITT (collectively, "Defendants" or "the City") on December 5, 2003, alleging violation of Section 101 of the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 253 ("Section 253"). On December 10, 2004, the Court issued a Decision and Order ("December 10, 2004 Decision") denying both the City's motion for judgment on the pleadings and NextG's motion for a preliminary injunction.

      The City filed a motion on February 1, 2005 ("Motion for Certification") requesting the Court to certify the December 10, 2004 Decision for interlocutory appeal pursuant to 28 U.S.C. § 1292 ("Section 1292") (Motion for Certification at 6). The City argues that the Court should certify three questions: (a) "whether the City's [conduct] was 'regulatory' … as opposed to 'proprietary'" (id.); (b) "whether discrimination or non-neutrality, as such concepts are applicable to Section 253(c), was properly alleged…" (id.); and (c) "whether damages are

available under 1983 for a violation of Section 253 of the TCA" (id.). On February 7, 2005, NextG filed its Opposition to the Motion to Certify Under 28 U.S.C. § 1292 ("Opposition to Motion"), which asserts that: (a) "[t]he Court's determination that the City's challenged laws and actions are regulatory [. . .] was not legally necessary or controlling of the outcome of its holding" (Opposition to Motion at 7); (b) "[t]here are no substantial grounds for difference of opinion regarding the Court's holding that NextG has sufficiently alleged that the City's requirement and actions are not competitively neutral and nondiscriminatory" (id. at 16); and (c) that "[t]here is no substantial and controlling issue appropriate for interlocutory appeal regarding NextG's claims for damages under Section 1983, nor would interlocutory appeal materially advance termination of the litigation" (id. at 21). **For the following reasons, the Motion for Certification is denied**.

## II. Legal Standard

A district court may certify for immediate appeal "an order (i) that involves a controlling question of law, (ii) as to which there exists a substantial ground for difference of opinion, and (iii) the disposition of which may materially advance the ultimate termination of the litigation…." Hallock v. Bonner, 387 F.3d 147, 152 (2d Cir. 2004); see 28 U.S.C. § 1292(b). Section 1292 "mandates that trial courts carefully assess whether each of the three conditions for certification is met." Ryan v. Fakih, 275 F. Supp. 2d. 393, 396 (E.D.N.Y. 2003). "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990)).

**III.    Discussion**

Upon review of the record, including, among other things, the December 10, 2004 Decision, the City's Motion for Certification, NextG's Opposition to Motion to Certify, and applicable legal authorities, the Court has determined that the criteria for certification are not established for the following reasons among others: (1) resolution of the issues sought to be appealed would not materially advance the litigation; see 28 U.S.C. § 1292(b); Fogarazzo v. Lehman Brothers, No. 03 Civ. 5194, 2004 WL 1555136, at *2 (S.D.N.Y. July 9, 2004) (citing Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959)); In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., No. MDL 1358, 2005 WL 39918, at *9 (S.D.N.Y. Jan. 6, 2005) ("advanc[ing] the ultimate termination of the litigation [is] the last, and most important, of section 1292(b)'s three factors") (City's Motion for Certification at 24-25.); see also Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals . . . ."); (2) some or all of the issues sought to be appealed are not issues upon which "there is substantial ground for difference of opinion"; see 28 U.S.C. §1292(b); (City's Motion for Certification at 17-20.); Wausau Bus. Ins. Co., 151 F. Supp. 2d 488 at 491 ("A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for a difference of opinion…"); and (3) NextG's allegations "facially meet the pleading requirements for a claim of non-neutrality" (City's Motion for Certification at 17.).

## IV. Order

For the reasons stated herein, the City's Motion [42] for Certification for interlocutory appeal pursuant to Section 1292(b) is denied.

Dated: New York, New York
      May 12, 2005

                                              **RICHARD M. BERMAN, U.S.D.J.**